UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| IAN R.[1], | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 3:21cv898 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|    Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for a period of disability and Disability Insurance Benefits (DIB) as provided for in the Social Security Act. 42 U.S.C. § 423(a). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

---

[1] To protect privacy, Plaintiff's full name will not be used in this Order.

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings. *Scott v. Astrue*, 734, 739 (7th Cir. 2011); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see also Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield, supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2020.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of March 1, 2019 through his date last insured of December 31, 2020 (20 CFR 404.1571 *et seq*.).

3. Through the date last insured, the claimant had the following severe impairments: multiple sclerosis (MS), migraines, and obstructive sleep apnea (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. He can never climb ladders, ropes, or scaffolds. He can tolerate a moderate noise intensity level as defined in the Dictionary of Occupational Titles and the Selected Characteristics of Occupations. He can tolerate light typically found in an indoor work environment, such as an office or retail store. He can have no exposure to unprotected heights or dangerous moving machinery. He can understand, remember, and carry out simple instructions and make simple work-related decisions.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on February 6, 1977 and was 43 years old, which is defined as a younger individual age 18-44, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

>     11.     The claimant was not under a disability, as defined in the Social Security Act, at any time from March 1, 2019, the alleged onset date, through December 31, 2020, the date last insured (20 CFR 404.1520(g)).

(Tr. 12- 21).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on May 19, 2022. On June 22, 2022, the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on June 30, 2022. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be remanded.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature

4

of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

Plaintiff states that he struggles with anxiety and depression, difficulty sleeping, multiple sclerosis as well as panic attacks, pressure on his chest and chronic headaches. (Tr. 366). He has been diagnosed with lumbar facet syndrome, lumbar anterior spurring and cervical x-rays demonstrated cervical degenerative disc disease and incontrovertible arthritis. (Tr. 268). In October 2020, Plaintiff complained of balance issues, headaches, pain in his shoulders, neck and back and problems walking. (Tr. 409). By December of 2020, providers noted that his "clinical presentation is unstable with unpredictable characteristics." (Tr. 410). Providers noted pain, problems walking and weakness. (*Id*.). He participated in physical therapy for four weeks with two sessions per week in November 2020 and his providers recommended he complete another twelve weeks of the same therapy, which he did. (Tr. 411, 415, 429). Both State Agency Reviewers, at the initial and reconsideration levels, felt the objective evidence alone substantiated Plaintiff's' statements about the intensity, persistence and functionally limiting effects of his symptoms. (Tr. 83, 95).

In support of remand, Plaintiff argues that the ALJ did not include limitations in the RFC to account for his migraines, and did not properly evaluate his subjective complaints.  The ALJ noted that Plaintiff alleged he had trouble with postural maneuvers and with remembering, completing asks, concentrating, understanding, following instructions, and getting along with others. (Tr. 16, 63-72, 199, 223-36). T he ALJ also noted that Plaintiff reported that he had headaches lasting days or weeks, that the headaches felt like a band tightening around his head; and that he lies down when he has headaches. (Tr. 17, 63-72, 219-22).  The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged

5

symptoms, but that his statements about the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence of record. (Tr. 17).

The ALJ concluded that the record supported an RFC for a reduced range of sedentary work. The ALJ noted that an April 2019 examination showed normal strength and full range of motion in all joints, but with impaired heel-walking and toe-walking. (Tr. 17, 279-80). Additionally, May 2019 treatment notes reflected minimal decreased left grip strength, and slightly reduced left hip flexion and knee strength (Tr. 17, 321). Also an examination in October 2019 showed normal grip strength, lumbar tenderness but full range of motion, normal gait without an assistive device, and no trouble heel or toe walking (Tr. 17-18, 290-94). In November 2019, Plaintiff exhibited normal arm strength but 4/5 strength in his hip flexor on the left and 5-/5 on the right. He had a normal gait without an assistive device (Tr. 18, 311). Physical therapy notes reflected reduced strength in the lower extremities and difficulty walking up stairs or ladders (Tr. 18, 409-10).

The ALJ also considered evidence regarding Plaintiff's migraines and the resulting limitations. In October 2019, Plaintiff began taking Tizanidine for his migraines (Tr. 18, 314-16). Tizanidine helped him sleep but did not alleviate his headaches, and he thus started Ajovy (Tr. 18, 310, 359). By October 2020, Plaintiff reported that the Ajovy had reduced his migraines nearly to zero (Tr. 18, 395). Physical therapy notes showed no cognitive function impairments (Tr. 18, 410).

Plaintiff contends that the ALJ used an incorrect standard when he found that Plaintiff's complaints were "not entirely" credible. Plaintiff is correct on this point. The correct standard the ALJ should have applied is whether Plaintiff's allegations "can reasonably be accepted as

6

consistent with the objective medical evidence and other evidence." 20 CFR §404.1529(a). As the ALJ failed to find that Plaintiff's subjective symptoms were not consistent with the evidence, or provide a full explanation of why credibility was lacking, remand is warranted.

Additionally, with respect to Plaintiff's migraines, the ALJ failed to explain why Plaintiff did not meet (or medically equal) Listing 11.02. Although the ALJ stated that "there is no evidence that the claimant had any signs or symptoms of seizure-like activity" (Tr. 15), seizures are not required when evaluating migraines under the Listing. SSR 19-4p: Titles II and XVI: Evaluating Cases Involving Primary Headache Disorders. Thus, remand is required on this point also, so that the ALJ may properly consider whether Plaintiff's migraines are medically equivalent to Listing 11.02.

Plaintiff also asserts that the ALJ did not properly consider the third party function report made by his wife. Although the ALJ mentions the report and states that "the undersigned considered the third party function report at Exhibit 3E in rendering this decision", there is no discussion of the report and whether the ALJ found it to be consistent with the other evidence in the record. Thus, on remand the ALJ must give full consideration to the third party report and explain what weight it is given.

Finally, Plaintiff argues that substantial evidence does not support the Step 5 testimony by the VE. The VE testified that Plaintiff could perform work in the national economy. However, a review of the VE testimony shows that it is woefully deficient. The VE merely stated, without any explanation, that Plaintiff could perform certain positions, such as office helper (58,000 positions), information clerk (126,000 positions), and mailroom clerk (48,000 positions), but did not explain at all how he arrived at the estimated job numbers. (Tr. 74). The ALJ did not

7

question the accuracy of these numbers but merely asked if the VE's testimony was consistent with the Dictionary of Occupational Titles (DOT).  (*Id.*).  However, as Plaintiff points out, the DOT does not include the number of job available, but merely provides job descriptions. Thus, there is no way to determine how the VE arrived at the job numbers. As the Seventh Circuit recently explained in *Ruenger v. Kijakazi*, 23 F.4th 760, 763 (7th Cir. 2022), the VE testimony must provide a path by which a reviewing court can ascertain how the VE arrived at the job numbers.  That path is totally lacking in this case.  Thus, remand is required on this issue

### Conclusion

On the basis of the foregoing, the decision of the Commissioner is hereby REVERSED and REMANDED for further proceedings consistent with this Opinion.


Entered: July 7, 2022.


              s/ William C.  Lee  
              William C. Lee, Judge  
              United States District Court